UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 19-cv-40064-JPG-2 |
| HERMAN E. BROWN, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Herman E. Brown's motion for a copy of his sentencing transcript, the sealed statement of reasons, and the docket sheet (Doc. 86).

Defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). However, Brown may request and pay for copies of any public document in his file. He must contact the Clerk's office to order those documents. According to 28 U.S.C. § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference Schedule of Fees section (4) provides that a fee of $.50 per page shall apply for reproducing any record or paper. The **CLERK** is **DIRECTED** to mail the defendant a copy of the docket sheet in his case. Should the defendant desire copies of any documents from the court file, he should request the document(s) by number and send the required prepayment. Brown may also request and pay for preparation of a transcript of any public proceeding in his case. He must contact the court reporter for the hearing to order any transcripts. For non-public documents and transcripts, he must seek the Court's permission.

Before providing copies free of charge, a district court may require the requester to show:

(1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14; *see, also,* 28 U.S.C. § 753(f) (preparation of necessary transcripts for § 2255 proceedings). These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense.

Brown has not attempted to show that he has sought these documents from counsel in his criminal case, that he is financially unable to pay for the cost of the documents, or that he needs these documents for a specific non-frivolous court action. For these reasons, the Court **DENIES** Brown's motion **without prejudice** to another motion making the requires showing (Doc. 86).

**IT IS SO ORDERED.**
**DATED:  October 24, 2023**

                                                              s/ J. Phil Gilbert
                                                              **J. PHIL GILBERT**
                                                              **DISTRICT JUDGE**